CASE No. 1060.

MOORE v. SANDERS.

A will provided as follows : " I give, devise and bequeath my whole estate both real and personal, all that I now possess or may hereafter become possessed of, to my beloved son Matthew. Learning that the law takes cognizance of the intention, even when illegally expressed, I desire to express my wish as strongly and emphatically as I can do so by will, that my beloved son Matthew shall inherit, possess and own, in fee simple, all my worldly goods—to dispose of as he may think fit. But should he die without leaving a will, then the whole to go" over. *Held*, that the limitation over depended upon a condition subsequent, which was void because repugnant to the estate devised, and that Matthew held, in fee simple absolute, a tract of land derived under this will.

---

Before THOMSON, J., Sumter, February, 1881.

This was a controversy without action instituted in February 1881. The will here construed bears date January 4th, 1868. The opinion states the case.

*Mr. Jos. H. Earle,* for appellant, cited *Co. Lit.* 112, *b,* note 144 ; 2 *Roper on Leg.,* § 1460 ; 1 *Hill's Ch.* 367 ; 6 *Ves.* 100 ; 1 *Jarm. on Wills* 593 ; 16 *Ves.* 135 ; 8 *Cow.* 277.

*Messrs. Blanding & Blanding,* contra, cited 7 *Bligh* 56 ; 2 *Williams on Ex'rs* (2d *Am. ed.*) 789 ; 4 *Kent* 270 ; 1 *Jarm. on Wills* (*Perk. ed.*) 677 ; 19 *Johns.* 20 ; 8 *Rich.* 88.

July 20th, 1881. The opinion of the court was delivered by

SIMPSON, C. J. This is a case submitted without action under Section 389 of the code. It appears that Matthew S. Moore, the respondent, bargained to sell and convey, in fee simple, a certain tract of land to George M. Sanders, the appellant, for $3500. Moore offered and is still ready to execute titles, but Sanders declines to accept his deed, alleging that Moore cannot convey in fee. Moore's title is derived from the will of his mother, Mrs. Sarah J. C. Elliott, deceased. So much of this will as it is necessary to consider, is in the following language: " I give and bequeath my whole estate, both real and personal, all that I now possess or may hereafter become possessed of, to my beloved son, Matthew S. Moore. Learning that the law takes cognizance of the intention, even when illegally expressed, I desire to express my wish as strongly and emphatically as I can do so by will, that my beloved son, Matthew S. Moore, shall inherit, possess and own, in fee simple, all my worldly goods, to dispose of as he may think fit. But should he die without leaving a will, then the whole to go to my grandchildren, share and share alike. The child or children of any grandchildren ,who may die before such division taking the share which the parent would have been entitled to had said parent lived to the period of said distribution or division."

Upon the hearing below Judge Thomson decreed that the estate devised to Moore is a fee and that he is able to make good and sufficient titles to Sanders. Sanders excepted to this decree.

His appeal brings up the single question : " Did Moore take under the will of Mrs. Elliott a fee indefeasible in the land in question ?

It will be seen on reading the will that Mrs. Elliott in the beginning of the clause above, bequeathed and devised to her son, the respondent, her entire personal property, and also a fee in all of her real estate ; and if there was no other provision in her will, no difficulty whatever could have arisen as to its construction. She, however, with the view, as she thought, more ·distinctly to declare her intention, went further, and, as is not uncommon in such cases, instead of more clearly expressing her purpose, said just enough to create doubt and to demand the assistance of the courts to ascertain and declare what she really did mean.　After giving her whole estate to her son, in the first part of the clause above quoted, in the latter she directed that if her son should die without leaving a will, then the whole should go to her grandchildren, share and share alike.　It is here that the ambiguity arises.　It is contended that this portion of the clause attached a condition to the estate previously given, which, if not complied with by Moore, will forfeit the estate, and, therefore, that he is not able to convey a perfect title, absolute and indefeasible.

Conditions are of two kinds—conditions precedent and conditions subsequent.　A condition precedent is a condition upon the happening of which an estate will vest.　A condition subsequent defeats an estate already vested.　It is contended that this is a condition subsequent.

It is a general rule as to conditions subsequent, that to be valid they must not be repugnant to the estate given or devised. They must not be an exception to the very thing, that is, to the substance of the gift ; if so, they are void, and the estate granted will stand unaffected by such conditions.　Thus, in *Blackstone Bank* v. *Davis*, 21 *Pick.* 42, it was held that " a condition in a grant or devise that the grantee shall not alienate, is void, because repugnant to the estate."　Also in *Bradley* v. *Peixoto*, 3 *Ves.* 324, it was held that an exception to the very thing itself by way of condition is null. 2 *Bl. C.;* 2 *Washb. on Real Prop.* 6, lay down the doctrine clearly that a condition subsequent, in-

consistent with and repugnant to the amplitude of the powers of the estate granted is void, and, therefore, no condition.

Now, test this clause of Mrs. Elliott's will by this principle. It is conceded that an estate in fee was devised in the first instance by Mrs. Elliott to her son. The power of alienation belongs to a fee ; in fact it is the very essence of a fee. Is the condition which the latter portion of the clause attempts to attach to the devise inconsistent with and repugnant to this devise ? The performance of the condition would require Moore to die in posession of the real estate devised to him. In no other way could he leave a will disposing of it.

The condition, then, is a direct and positive restriction upon his powers of alienation. The will invests him with a fee, but the condition strikes at the very substance of this fee, and if valid would take away and destroy its most important and essential quality—the power of sale. A fee may be defeated by a condition which is independent of the estate granted upon the happening of which the estate is lost ; but a condition, the effect of which is to cut down a fee to a less estate, is void because repugnant to the fee. Such is the character of the condition in this case, and according to the authorities cited is void.

The judgment of this court is that the judgment of the Circuit Court be affirmed.

McIVER and McGOWAN, A. J.'s, concurred.